**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Coloplast Corporation, | No. MC-25-00026-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Hibner, | |
| Defendant. | |

Before the Court is Plaintiff Coloplast Corporation's motion to transfer non-party subpoena to issuing court or, in the alternative, to compel compliance with and enforce non-party subpoena (Doc. 1). The subpoena relates to an underlying products liability case pending in the United States District Court, Middle District of Florida. *Diana Dyer v. Coloplast Corp., et al.*, No. 8:24-cv-02867-VMC-SPF. Defendant Michael Hibner does not oppose transfer. (Doc. 5 at 1 n.1.) But he does argue the subpoena was improperly served. (*Id.* at 6.)

## I.     LEGAL STANDARD

Rule 34(c) of the Federal Rules of Civil Procedure states nonparties "may be compelled to produce documents and tangible things" as required under Rule 45. Subpoenas issued under Rule 45 must originate "from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). Motions to compel compliance with a subpoena, however, generally must be heard in "the district court where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i).

This general rule does not apply when "the person subject to the subpoena consents" to transfer or when "exceptional circumstances" exist. Fed. R. Civ. P. 45(f). Under either scenario, transfer back to the issuing court is left "to the discretion of the court where compliance is required." *Jacobs v. Advanced Dermatology & Skin Cancer Specialists PC*, No. MC-23-00032-PHX-DWL, 2023 WL 8185701, at *5 (D. Ariz. Nov. 27, 2023). The Advisory Committee notes explain the "exceptional circumstances" standard as follows:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment.

## II.    ANALYSIS

### A.    Consent

Hibner consents to transfer but argues he was improperly served. (Doc. 5 at 1 n.1, 6.) This raises questions as to whether Hibner's consent is unconditional or merely an alternative argument premised on the Court concluding service was properly executed. The Court will put these questions aside for the purposes of resolving Plaintiff's motion to compel. Other courts have transferred cases under Rule 45(f), despite unresolved issues of service, when the "exceptional circumstances" standard is met. *See, e.g.*, *Akkawi v. Sadr*, No. 23-CV-2168-W (BLM), 2024 WL 390055, at *4 (S.D. Cal. Jan. 30, 2024). The Court will follow that approach.

### B.    Exceptional Circumstances

Hibner is actively involved in the underlying litigation. Pending before the Middle District of Florida is Hibner's third-party motion to quash subpoena, which raises substantially similar issues to the objections raised in Hibner's response brief. Both filings contain arguments about improper service of process, the proper scope of discovery, and

the physician-patient privilege. The plaintiff in the underlying litigation has also filed a motion to quash on similar issues of privilege and the scope of discovery. The Middle District of Florida has set oral argument on both motions for August 19, 2025.

This Court has previously held exceptional circumstances support transfer when "[t]he issuing court is currently overseeing a related discovery dispute." *Jacobs*, 2024 WL 390055 at *7. Judicial economy is best "served by having all discovery disputes resolved by the same court." *Id.* (citation omitted). Moreover, when a related dispute is pending, transfer avoids inconsistent rulings and potential disruption to the underlying litigation. *Id.* This is especially true when, as here, there is a scheduled oral argument. The Court thus finds the risk of disruption strongly weighs in favor of transferring Plaintiff's motion to compel.

This Court has also previously held transfer presents a minimal burden when the nonparty is actively participating in the underlying litigation and when the motion to compel is already fully briefed. *Id.* at *8-9. Both instances are present here. In addition, Hibner's consent to transfer, whether conditional or unconditional, provides further evidence any burden would be minimal. The Court thus finds exceptional circumstances exist warranting the transfer of Plaintiff's motion to compel. Ruling on the motion risks greatly disrupting the underlying litigation, while the burden transfer would impose on Hibner is minimal.

**IT IS THEREFORE ORDERED** directing the Clerk of Court to transfer Plaintiff's motion to compel (Doc. 1) to the United States District Court, Middle District of Florida and close this case.

Dated this 22nd day of July, 2025.

Michael T. Liburdi
United States District Judge

- 3 -